```
TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture Section
VICTOR A. RODGERS (Cal. Bar No. 101281)
MAXWELL COLL (Cal. Bar No. 312651)
Assistant United States Attorney
Asset Forfeiture/General Crimes Sections
     Federal Courthouse, 14th Floor
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2569/1785
     Facsimile: (213) 894-0142/0141
     E-mail: Victor.Rodgers@usdoj.gov
             Maxwell.Coll@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>$399,000.00 IN U.S. CURRENCY AND MISCELLANEOUS ITEMS OF JEWELRY,<br><br>　　　　Defendants. | Case No. 2:21-cv-06966-RGK(MARx)<br><br>EX PARTE APPLICATION FOR ORDER APPOINTING THE UNITED STATES POSTAL INSPECTION SERVICE AS SUBSTITUTE CUSTODIAN IN PLACE OF THE U.S. MARSHALS SERVICE AS TO MISCELLANEOUS ITEMS OF JEWELRY; MEMORANDUM OF POINTS AND AUTHORITIES |

　　　Pursuant to Supplemental Rule E(4)(b) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions and Local Rule E.14(a) of the Local Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, plaintiff United States of America hereby respectfully applies for an order appointing the

United States Postal Inspection Service as the substitute custodian in place of the United States Marshals Service as to defendant Miscellaneous Items of Jewelry.  This application is based on the attached memorandum of points and authorities, the pleadings and files in this action, and such further evidence and argument as the Court may permit.

Dated: October 12, 2021        TRACY L. WILKISON
                               Acting United States Attorney
                               SCOTT M. GARRINGER
                               Assistant United states Attorney
                               Chief, Criminal Division

                                     /s/
                               _____
                               VICTOR A. RODGERS
                               MAXWELL COLL
                               Assistant United States Attorneys
                               Asset Forfeiture/General Crimes
                               Sections

                               Attorneys for Plaintiff
                               UNITED STATES OF AMERICA

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff United States of America ("plaintiff" or the "government") seeks an order appointing the United States Postal Inspection Service ("USPIS") as the substitute custodian in place of the United States Marshals Service ("USMS") as to defendant Miscellaneous Precious Items of Jewelry.

This is an in rem civil forfeiture action governed by the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules"). Supplemental Rules G(3) and E(4)[1] govern the execution of process and custody of property in an in rem civil forfeiture action.

Upon the filing of an in rem civil forfeiture complaint against property in the government's custody, the clerk of the court must issue an arrest warrant. Supplemental Rule G(3)(b)(i). Ordinarily, the USMS has management, and disposal of seized assets for forfeitures enforced by Department of Justice ("DOJ") agencies (and certain others). However, Supplemental Rule G(3) permits persons other than USMS to execute process where appropriate:

> **(c) Execution of Process.**
>
> (i) The warrant and any supplemental process must be delivered to a person or organization authorized to execute it, who may be: (A) a marshal <u>or any other United States officer or employee</u> . . . or (C) <u>someone specially appointed by the court for that purpose</u>.

Supplemental Rule G(3)(c)(i)(A) and (C)(emphasis added).

---

[1] See Supplemental Rule G(1), which provides that Supplemental Rule E applies to an in rem civil forfeiture action to the extent that Supplemental Rule G does not address an issue.

Custody of property in an in rem civil forfeiture action is governed by Supplemental Rule E(4).  The appointment of a substitute custodian is a practice contemplated by that Supplemental Rule and the Local Rules for Admiralty and Maritime Claims.  Supplemental Rule E(4)(b) ("If tangible property is to be attached or arrested, the marshal or other person or organization having the warrant shall take it into the marshal's possession for safe custody"); Local Admiralty Rule E.14(a) ("When . . . property is brought into the Marshal's custody by arrest or attachment, the Marshal shall arrange for adequate safekeeping . . . .  A substitute custodian in place of the Marshal may be appointed by order of the Court").[2]

Here, the seizing and investigating agency as to one of the named defendants (Miscellaneous Precious Items of Jewelry) is USPIS.  USPIS is within the Department of Justice.  In this instance, the USMS is not the proper custodian of the defendant Miscellaneous Precious Items, USPIS should be appointed to be the custodian and to execute process.

///

---

[2] "A substitute custodian is held to the same standard of care as the U.S. Marshal, which is essentially a reasonable standard of care."  Scotiabank de Puerto Rico v. M/V Atuti, 326 F.Supp.2d 282, 284 (D. Puerto Rico 2004).

For the foregoing reasons, the government respectfully requests that this Court appoint USPIS as the substitute custodian in place of the USMS as to defendant Miscellaneous Precious Items of Jewelry.

Dated: October 12, 2021

TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United states Attorney
Chief, Criminal Division

_____/s/_____
VICTOR A. RODGERS
MAXWELL COLL
Assistant United States Attorneys
Asset Forfeiture/General Crimes Sections

Attorneys for Plaintiff
UNITED STATES OF AMERICA