TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture Section
VICTOR A. RODGERS (Cal. Bar No. 101281)
MAXWELL COLL (Cal. Bar No. 312651)
Assistant United States Attorney
Asset Forfeiture Section
    United States Courthouse, 14th Floor
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2569/1785
    Facsimile: (213) 894-0141
    E-mail: Victor.Rodgers@usdoj.gov
           Maxwell.Coll@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>$399,000.00 IN U.S. CURRENCY AND MISCELLANEOUS ITEMS OF JEWELRY,<br><br>    Defendants. | Case No. 2:21-cv-06966-RGK-MAR<br><br>JOINT RULE 26 REPORT<br><br>Sch. Conf. Date: March 7, 2022<br>Time:         9:00 a.m. |
| DERRICK POLK,<br><br>    Claimant. | |

Pursuant to Federal Rules of Civil Procedure 16 and 26(f), counsel for plaintiff United States of America ("the government") and claimant Derrick Polk ("claimant") hereby report as follows.  The Scheduling Conference is set for March 7, 2022 at 9:00 a.m.

A. <u>Statement of the Case</u>

The government has filed an <u>in</u> <u>rem</u> civil forfeiture case against the defendants alleging that the defendants are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(A) and (C) on grounds that they represent proceeds of or were used to facilitate narcotic trafficking or were involved in money laundering transactions.  The complaint alleges that the funds were seized from a box at US Private Vaults on or about March 20, 2021, and that the government seized the jewelry during the execution of a federal search warrant at claimant's residence on or about July 15, 2021.  Claimant has filed a claim to the defendants and an answer to the complaint, and claimant denies that the defendants are subject to forfeiture.

B. <u>Discovery Limits and Discovery Planning, Rule 26(f)(1)-26(f)(4)</u>

The government has filed a motion to stay this action, pursuant to the 18 U.S.C. § 981(g)(1)'s mandatory stay provision on the ground that discovery in this case will adversely affect the ability of the government to conduct a related criminal investigation against claimant, which motion has been taken under submission.  Subject to that caveat and the impact that a stay will have on this case, the parties note they do not feel it necessary to change the timing, form or requirement for disclosures under Fed. R. Civ. P. 26(a).  Pursuant to Fed. R. Civ. P. 26(a)(1)(B)(ii), this civil forfeiture case is exempt from the Fed. R. Civ. P. 26(a)(1) initial disclosure requirements.  The subjects on which discovery may be needed are whether the defendant currency is subject to forfeiture.  In addition, the parties are not aware of any issues about electronically stored information, claims of privilege or of claims

regarding the need to protect particular items as trial-preparation materials.  Both parties intend to proceed with discovery, which may include interrogatories, document request and depositions, as warranted in this case.

    C.    <u>Proposed Law and Motion Matters</u>

The government's motion to stay this case, as mentioned above, has been taken under submission.  Subject to that caveat, and depending upon the evidence, the government and claimant may file motions for summary judgment and claimant may file a suppression motion and a motion to dismiss.

    D.    <u>Principal Issues In The Case</u>

The principal issues in this case is whether the defendant currency is subject to forfeiture and whether claimant has any defenses to forfeiture.  A second principal issue in the case is whether the evidence obtained by the government through the search of safety deposit box should be suppressed.

    E.    <u>Proposed Schedule Of Pretrial Dates</u>

The parties suggest the following pretrial dates:

    A last day to amend the complaint or add parties of April 11, 2022.

    A discovery cutoff date of September 6, 2022.

    A motion hearing cutoff date (last date to file) of September 20, 2022.

    A pretrial conference date of October 18, 2022.

    A jury trial date on Tuesday, November 2, 2022.

The parties estimate that the trial of this matter will take 3-4 court days.

    F.    <u>Settlement</u>

The parties are amenable to engaging in settlement negotiations as this case progresses. The parties propose that this case be referred to the Magistrate Judge assigned to this case, for purposes of settlement.

G. Likelihood Of Appearance Of Additional Parties

Neither the government nor claimant anticipate the appearance of additional parties.

H. Complex Case

The parties agree that this case is not sufficiently complex as to require the utilization of the Manual for Complex Litigation.

I. Other Issues

None.

Respectfully submitted,

Dated: February 23, 2022
TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture Section

 /s/ Victor A. Rodgers
VICTOR A. RODGERS
MAXWELL COLL
Assistant United States Attorneys
Asset Forfeiture Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA

Dated: February 23, 2022
THE FREEDMAN FIRM PC

 /s/ Michael G. Freedman
MICHAEL G. FREEDMAN

Attorneys for Claimant
DERRICK POLK